IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trovon A. Keith, a.k.a. Trovon Aquarius Keith, #272473,<br><br>               Petitioner,<br><br>vs.<br><br>Warden, Lieber Correctional Institution,<br><br>               Respondent. | )  C/A No.: 1:11-2477-RMG-SVH<br>)<br>)<br>)<br>)<br>)  REPORT AND RECOMMENDATION<br>)<br>)<br>)<br>) |

Petitioner Trovon A. Keith was an inmate at the Lieber Correctional Institution of the South Carolina Department of Corrections when he filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment. [Entry #27, #28]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by January 23, 2012. [Entry #29]. Petitioner requested, and the court granted, an extension until February 23, 2012 for Petitioner to file a response. [Entry #35, 38]. After Petitioner failed to file timely response, the court issued an order directing Petitioner to advise whether he wished to continue with this case and to file a response to the motion for summary

---

[1] By filing dated December 2, 2011, Petitioner informed the court that he has been transferred to Perry Correctional Institution. [Entry #26].

judgment by March 15, 2012. [Entry #43]. Petitioner's response was filed on March 14, 2012. [Entry #45].

Separately, Petitioner filed a motion requesting transfer to another institution or facility on October 11, 2011 [Entry #13] and a motion requesting transfer to another institution or facility/for preliminary injunction on January 11, 2012 [Entry #36].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted and Petitioner's motions for transfer/injunction be denied.

I.      Procedural Background

Petitioner was indicted by the Horry County grand jury in November 2002 for burglary first degree, criminal sexual conduct first degree, and kidnapping. [Entry #27-4 at 30, 35-36, 41-42]. He was represented by Ed Chrisco, Esq. at trial on April 6-7, 2004 before the Honorable Steven H. John. The jury convicted Petitioner as charged and Judge John sentenced him to 30 years on each charge, to run consecutively, for a total of 90 years. [Entry #27-3 at 95-96].

The facts giving rise to the charges occurred on July 1, 2002, when Petitioner entered the victim's room in the middle of the night, announced that he had a gun, he raped her, and after about an hour, left. The victim called the police and was examined at the hospital, where Petitioner's semen was recovered from a vaginal swab of the victim. When confronted by the police with the DNA evidence, Petitioner confessed.

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Tara S. Taggart of

the South Carolina Office of Appellate Defense who filed an *Anders*[2] brief raising the following issue: "Whether the trial judge erred in failing to grant a change of venue." [Entry #27-5 at 4]. Attorney Taggart certified to the court that the appeal was without merit and asked to be relieved as counsel. [Entry #27-5 at 6]. Petitioner was advised of his right to file a *pro se* response to the *Anders* brief, but he failed to file one. [Entry #27-6].

On January 18, 2006, the Court of Appeals filed an unpublished decision dismissing Petitioner's appeal pursuant to the *Anders* procedure. [Entry #27-7]. The remittitur was issued on February 3, 2006. [Entry #27-8].

Petitioner filed an application for post-conviction relief ("PCR") on December 4, 2006, in which he alleged the following:

> a) Change of Venue - I Trovon A. Keith requested by and through my attorney Ed Chrisco (senior trial Attorney that the trial judge grant...);
> b) Doctor who evaluated my mental compacity [sic] testified at my trial. The trial judge failed to take diagnosis under consideration;
> c) All jury members were local residents from small town that have read in media facts about pending cases prior to trial. ...

Entry #27-3 at 98-102]. A PCR evidentiary hearing was held before the Honorable Michael G. Nettles on November 19, 2008, at which Petitioner and his counsel, Paul Archer, Esq. appeared. [Entry #27-3 at 107-116, #27-4 at 1-5]. At the hearing, PCR counsel challenged

---

[2] *Anders v. California*, 386 U.S. 738 (1967). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

3

only counsel's failure to move to reconsider the sentence as excessive. [Entry #27-3 at 110-111]. Petitioner specifically abandoned the three grounds he presented in his application. [Entry #27-3 at 115 to #27-4 at 1-2]. On December 9, 2008, Judge Nettles entered an order of dismissal. [Entry #27-4 at 7-13]. Petitioner appealed from the denial of PCR and was represented by Appellate Defender M. Celia Robinson of the South Carolina Commission of Indigent Defense, Division of Appellate Defense. Attorney Robinson filed a *Johnson* petition for writ of certiorari in the South Carolina Supreme Court on December 11, 2009 and petitioned to be relieved as counsel. [Entry #27-9].The petition raised the following issue: "Did the PCR judge err in denying relief despite trial counsel's ineffectively failing to make a motion to reconsider the ninety-year-sentence imposed by Judge John?" [Entry #27-9 at 3]. Petitioner filed a pro se brief on January 7, 2010.

By Order dated October 20, 2010, the Supreme Court of South Carolina denied appellate counsel's petition to be relieved and directed the parties brief the following issue: "Was trial counsel ineffective for failing to make a motion to reconsider petitioner's sentence?" [Entry #27-10]. Appellate Defender Elizabeth A. Franklin-Best assumed representation and filed a Petition for Writ of Certiorari on November 16, 2010, and addressed the issue framed by the state court. [Entry #27-11].The Supreme Court of South Carolina denied the petition on August 18, 2011. [Entry #27-13]. The remittitur was issued on September 7, 2011. [Entry #27-14].

Petitioner filed this federal petition for a writ of habeas corpus on September 1, 2011. [Entry #1].[3]

II. Discussion

    A. Federal Habeas Issues

Petitioner now asserts he is entitled to a writ of habeas corpus on the following ground:

**Ground One:** Trial counsel was ineffective for failing to make a motion to reconsider my 90 year sentence imposed by trial judge.

Supporting Facts: After trial on April 7, 2004 trial counsel did not file motion to reconsider. During (PCR) Evidentiary hearing on November 19, 2008 PCR counsel called trial counsel to the stand and asked him why did he not file motion to reconsider excessive 90 year sentence. Trial counsel admitted to just filed appeal and trial counsel admitted to not making motion to reconsider my 90 year sentence. Trial counsel gave no explanation but he admitted to being ineffective. At the time this was my first offenses of these charges had minor criminal record.

[Entry #1 at 6].

---

[3] The petition was received and docketed by the court on September 15, 2011. However, because Plaintiff is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack,* 487 U.S. 266 (1988). Petitioner dated his petition September 1, 2011, which is the date his envelope indicates the petition was deposited in the prison mailing system. [Entry #1-1].

B.      Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not

mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.     Habeas Corpus Standard of Review

        1.     Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

        2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

        a.      Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
>     (A)    the applicant has exhausted the remedies available in the courts of the State; or
>
>     (B)    (i) there is an absence of available State corrective process; or
>
>             (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result

in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[4] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

   3.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694

---

[4]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

(1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

D. Analysis

1. Merits Review of Ground One

In Ground One, Petitioner argues that trial counsel was ineffective in having failed to move to reconsider the 90 year aggregate sentence, which he argues was "excessive," noting he had a minimal criminal history prior to the conviction. [Entry #1 at 6].

To prevail on his ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' ... [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (*quoting Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id., quoting Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

As a general matter, the sentencing court has wide discretion. *See, e.g., Wasman v. United States*, 468 U.S. 559, 563 (1984)("It is now well established that a judge or other sentencing authority is to be accorded very wide discretion in determining an appropriate sentence."). The sentencing court abuses that authority only where the court commits distinct error such as exceeding the statutory limits or considering an improper basis for sentencing. *See generally Dervin v. State*, 687 S.E.2d 712, 714 (S.C. 2009).

Addressing Petitioner's allegations as to this claim, the PCR Court found as follows:

> In this case, counsel acknowledged that he did not move for reconsideration of the consecutive sentences. However, he testified that he did not have any new information to present to Judge John that would make him change his mind. He stated that Judge John did not give any indication that he was inclined to alter the sentence. The thirty-year sentences were within the statutory sentence ranges for the offenses, and the Applicant presented no evidence of partiality, prejudice, pressure, or corrupt motive on the part of the sentencing judge. The judge heard the facts presented at the trial regarding the nature of the offenses, and he heard the voluntary statements made to police by the Applicant. (See Trial Transcript, page 206, line 7 -page 207, line 17). The Applicant failed to prove that the judge "punished" him for going to trial; instead, this Court finds that the judge imposed a sentence he felt was appropriate under the facts of the case. Counsel had no duty to move for reconsideration under these circumstances and was not deficient for failing to do so. In any event, this Court finds that the Applicant failed to prove that a motion for reconsideration would have been anything other than futile; therefore, the Applicant has failed to establish prejudice.

[Entry #27-4 at 11-12].

While PCR counsel argued that the sentence was excessive such that trial counsel should have moved for reconsideration of the sentence, Petitioner has failed to demonstrate that the sentence of 30 years on each count was in excess of the maximum allowed by state law. The maximum for burglary first degree is life imprisonment (S.C. Code Ann. § 16-11-311) and the maximum is 30 years for criminal sexual conduct first degree (S.C. Code Ann. § 16-3-652) and for kidnapping (S.C. Code Ann. § 16-3-910).

Petitioner has likewise failed to otherwise demonstrate that there was any improper sentence consideration that should have been brought to the court's attention. Counsel specifically asked Judge John not to consider the other various pending charges and the

judge confirmed that to do so would not be proper and that he would not consider the other crimes. [Entry # 27-3 at 93-94]. Before imposing the sentences, Judge John stated that the "the Court has heard all the facts of this particular matter. The jury has spoken regarding all three of the offenses for which the Defendant was charged." [Entry # 27-3 at 95].

Petitioner has failed to show any compelling reason to have requested Judge John to reconsider the sentence and has otherwise failed to show deficient performance by counsel and prejudice.

The PCR judge considered the record and the testimony given at the PCR evidentiary hearing in rejecting Petitioner's claim of error. Petitioner has failed to show the PCR Court unreasonably applied United States Supreme Court precedent in deciding this issue. Additionally, Petitioner has failed to show by clear and convincing evidence the PCR Court reached an unreasonable factual determination of this issue given the evidence and record before it. *Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding); *Williams v. Taylor*, 529 U.S. 420 (2000); *Bell v. Jarvis*, 236 F.3d 149, 157-158 (4th Cir. 2000); 28 U.S.C. § 2254(e)(1) (determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence). Therefore, Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue. As a result, Petitioner has failed to show he is entitled to federal habeas corpus relief.

### 2. Petitioner's Motions for Transfer/Injunction

In his first motion for transfer to another institution or facility [Entry #13], Petitioner requested that he be moved from Lieber Correctional Institution to Perry Correctional Institution because, inter alia, he claimed that the officers at Lieber interfered with his access to the courts. By filing dated December 2, 2011, Petitioner informed the court that he had been transferred to Perry Correctional Institution. [Entry #26]. Therefore, his motion to transfer to Perry [Entry #13] is moot and should be denied.

In his second motion for transfer to another institution or facility/injunction [Entry #36], Petitioner requests that he be moved from Perry Correctional Institution to a county detention facility or Level 2 SCDC institution until this case is ended because, inter alia, he claimed that the officers at Perry are interfering with his access to the courts.

Petitioner's request for transfer and injunction do not present a cognizable basis for relief in this habeas action. Further, the court notes that Petitioner's claim of interference with his court access is belied by his numerous and systematic filings since his transfer to Perry. [See Entry #26 filed December 5, 2011 (Notice of Change of Address); Entry #35 filed January 11, 2012 (Motion for Extension); Entry #36 filed January 11, 2012 (Motion for Preliminary Injunction); Entry #39 filed February 1, 2012 (Affidavit in Support of Motion for Preliminary Injunction); Entry #41 filed February 8, 2012 (Reply to Preliminary Injunction); Entry #45 filed March 14, 2012 (Response to Summary Judgment); Entry #47 filed May 9, 2012 (Letters requesting copies); Entry #49 filed June 14, 2012 (Letters concerning prison conditions)]. The undersigned recommends that

Petitioner's second motion for transfer to another institution or facility/injunction [Entry #36] be denied.

III.  Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [Entry#28] be granted and Petitioner's motions for transfer/injunction [Entry #13, #36] be denied.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 26, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).