IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trovon A. Keith, a.k.a. Trovon Aquarius Keith,<br><br>Petitioner,<br><br>v.<br><br>Warden, Lieber Correctional Institution,<br><br>Respondent. | Civil Action No.: 1:11-cv-02477-RMG<br><br>**ORDER** |

In this case, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As a result, this case was automatically referred to a United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC. On October 11, 2011, Petitioner filed a motion requesting a transfer to another institution. (Dkt. No. 13). On October 31, 2011, Respondent filed a response in opposition to Petitioner's motion (Dkt. No. 18), and on November 3, 2011, Petitioner filed a reply (Dkt. No. 21). On December 19, 2011, Respondent filed a motion for summary judgment. (Dkt. Nos. 27-28), and on March 14, 2012, Petitioner filed a response in opposition (Dkt. No. 45). Finally, on January 11, 2012, Petitioner filed a motion for preliminary injunction. (Dkt. No. 36). On January 27, 2012, Respondent filed a response in opposition (Dkt. No. 37), and on February 8, 2012, Petitioner filed a reply (Dkt. No. 41). On June 26, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant Respondent's motion for summary judgment and deny Petitioner's motion for a transfer and motion for preliminary injunction. (Dkt. No. 50). On July 16, 2012, Petitioner filed objections to the Report and Recommendation. (Dkt. No. 53). After carefully reviewing the record and the relevant law, the

1

Court now adopts the Report and Recommendation in its entirety for the reasons explained herein.

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the petitioner fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In 2004, Petitioner was convicted of burglary in the first degree, criminal sexual conduct in the first degree, and kidnapping. Petitioner was represented at trial by Ed Chrisco, Esq. After Petitioner was convicted, Judge Steven H. John sentenced Petitioner to 30 years on each charge, to run consecutively, for a total of 90 years. (Dkt. No. 27-3 at 95-96). In his petition for a writ of habeas corpus, Petitioner asserts a single ground for relief: "Trial counsel was ineffective for failing to make a motion to reconsider my 90 year sentence imposed by trial judge." (Dkt. No. 1 at 9). Petitioner previously raised this argument in both an application for post-conviction relief (PCR) and in a subsequent petition for writ of certiorari to the South Carolina Supreme Court.

However, Petitioner's PCR application on this ground was denied (Dkt. No. 27-4 at 7-13), and Petitioner's writ of certiorari on this ground was denied (Dkt. No. 27-13).

As the Magistrate Judge thoroughly explained in her Report and Recommendation, Petitioner has failed to show that his trial counsel's failure to move to reconsider Petitioner's sentence caused the trial counsel's performance to fall below an objective standard of reasonableness or that such a motion to reconsider would have had a reasonable probability of reducing Petitioner's sentence. (Dkt. No. 50 at 11-14 (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1985) (holding that a petitioner, to prevail on his ineffective assistance of counsel claim, must show that his trial counsel's performance fell below an objective standard of reasonableness, and that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different))). Petitioner has failed to show that his sentence was in excess of the maximum allowed by state law or that Judge John considered any improper basis when sentencing Petitioner. Further, Petitioner has failed to show that the PCR proceedings resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, Petitioner is not entitled to habeas corpus relief on the ground asserted in his petition. *See Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (holding that, to be entitled to habeas relief with respect to a claim adjudicated on the merits in state court proceedings, the petitioner must show that such proceedings resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding).

3

The Court also agrees with the Magistrate Judge's recommendation that the two motions filed by Petitioner should be denied. First, Petitioner's motion for transfer to another institution (Dkt. No. 13) has been rendered moot by Petitioner's transfer from Liber Correctional Institution to Perry Correctional Institution, which is the relief Petitioner sought in his motion. In Petitioner's motion for a preliminary injunction (Dkt. No. 36), Petitioner once again requests that the Court transfer Petitioner to a new institution and also requests that the Court order certain officers not to take Petitioner's legal documents and to return any legal documents which belong to Petitioner. These requests, however, do not present a cognizable basis for relief in this habeas corpus action. Further, Petitioner clearly has not been denied access to the courts as shown by the numerous filings made by Petitioner in this action.

Finally, the Court has reviewed Petitioner's objections to the Report and Recommendation (Dkt. No. 53), and the Court finds that Petitioner has failed to identify any errors in the law or the application of the law set forth in the Report and Recommendation. Rather, Petitioner rehashes arguments which were addressed in the Report and Recommendation and attempts to assert new grounds for habeas corpus relief.[1]

---

[1] In his objections, Petitioner raises certain grounds which were raised in his PCR application but not raised in his petition for a writ of habeas corpus. Not only did Petitioner fail to assert these grounds in his petition for a writ of habeas corpus, Petitioner expressly abandoned these grounds through counsel during his PCR hearing. (Dkt. No. 27-3 at 115-16; Dkt. No. 27-4 at 1-2 (Petitioner's PCR counsel explaining to the PCR Court that he had discussed these grounds with Petitioner and decided to abandon them)). Thus, even if Petitioner had raised these grounds in his habeas petition – which he did not – the Court could not consider these grounds due to Petitioner's failure to satisfy the exhaustion requirement regarding these grounds. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) ("To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court.")

## Conclusion

For the foregoing reasons, the Court adopts the Report and Recommendation of the Magistrate Judge as the order of this Court. Accordingly, Petitioner's motion for transfer to another institution (Dkt. No. 13) and Petitioner's motion for a preliminary injunction (Dkt. No. 36) are denied, and Respondent's motion for summary judgment (Dkt. No. 28) is granted. Petitioner's petition for a writ of habeas corpus is dismissed with prejudice.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August _/_, 2012
Charleston, South Carolina

5